RIVERA, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages for Libel.

MOTION to Quash a Writ of Execution.

No. 2094.—Decided February 16, 1920.

EXECUTION—JUDGMENT—PESOS—DOLLARS.—The district court committed no error in ordering a levy on properties of the defendant to the amount of three thousand dollars in execution of the judgment rendered against him by the Supreme Court on appeal for the sum of three thousand *pesos*, for, according to the opinion of the court on which the judgment was based, the word "*pesos*" was used as an equivalent of "dollars." Besides, if the English word "dollar" could be translated into Spanish, the translation would be "*peso*", as is frequently the case.

The facts are stated in the opinion.
*Mr. V. P. Martínez* for the appellant.
*Mr. L. Llorens* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a civil action brought by José C. Rivera against Víctor P. Martínez in the District Court of Aguadilla for damages for libel the said court rendered judgment on October 27, 1917, sustaining the complaint, dismissing the counter-com-

plaint and adjudging that the defendant pay one dollar as damages, one dollar as attorney's fees and the costs of the suit.

That judgment was modified on appeal by the judgment of this court of December 6, 1918, "in the sense that the defendant be adjduged thereby to pay to the plaintiff the sum of $3,000, the attorney fees and the costs of the action." *Rivera* v. *Martínez,* 26 P. R. R. 692.

On July 24, 1919, the plaintiff filed a motion in the clerk's office of the Aguadilla court asking that the clerk be directed to issue the corresponding writ of execution of the judgment for $3,000 and the motion was sustained by the said court on the same day, the writ of execution being issued to the marshal in the terms indicated.

Defendant Víctor P. Martínez moved for reconsideration of that ruling on the ground that the writ was for the execution of a judgment for three thousand dollars while the Supreme Court had allowed only nominal damages in the sum of three thousand *pesos* because the plaintiff had not proved his damages. Reconsideration was denied by the court's order of the same day, July 24, whereupon Martínez appealed to this court.

In support of his appeal the appellant alleged that the Aguadilla Court had no jurisdiction to execute the judgment of this court, materially changing its terms by substituting the sum of three thousand dollars for the sum of three thousand *pesos,* and that the judgment in *pesos* is nominal and therefore the plaintiff has no right to ask for its execution. The appellant cites sections 239 and 240 of the Code of Civil Procedure (Comp. Rev. Stat. and Codes, 1911, sections 5251, 5252) and also section 6621 of the said compilation, or section 11 of the Foraker Act ordering the change of provincial money into United States currency and providing that no other money shall be a legal tender.

The question involved in the appeal is whether the judgment of this court of December 6, 1918, modifying the judg-

ment of the lower court in the sense that the defendant pay to the plaintiff the sum of three thousand dollars, the attorney's fees and the costs of the action, should be taken to mean, as understood and maintained by the defendant, that he was adjudged to pay three thousand *pesos* of the former provincial money which is no longer a legal tender.

It was not the intention of this court to give judgment against Víctor Martínez for three thousand provincial *pesos*, but for three thousand dollars in the lawful currency of this Island, the word *"pesos"* being taken as synonymous with the word "dollars" as evidenced by the opinion of the court on which the judgment is based. In that opinion (*Rivera v. Martínez, supra*) this court said:

"The demurrer was overruled, the case was brought to trial and the court rendered judgment sustaining the complaint, dismissing the countercomplaint and adjudging that the defendant pay to the plaintiff the sum of one dollar as damages, one dollar as attorney fees and the costs."

Further on in the opinion it was said:

"Although it (the Aguadilla court) arrived at the foregoing conclusions, the court was of the opinion that the plaintiff had failed to produce any evidence of the essential elements which aggravate the injury caused  *  *  *  and consequently gave judgment against the defendant for the sum of only one dollar as damages."

As shown, in referring to the judgment of the District Court of Aguadilla this court substituted the word "dollars" for the word *"pesos"* as if the two words had the same meaning, and did the same in rendering the judgment of December 6, 1918, the execution of which was ordered.

And it is to be observed that this court did not absolutely reverse the judgment of the Aguadilla Court, but modified it in the sense that the defendant should pay to the plaintiff the sum of three thousand dollars instead of the sum of one dollar, for which reason the three thousand dollars should

be in the same currency as the one dollar, for only the amount and not the kind of currency was changed.

The indemnity which, as our opinion shows, Martínez was ordered to pay was not for nominal damages, but for actual damages; therefore the indemnity of three thousand dollars to be satisfied by him must be regarded not as nominal but as actual and real.

Moreover, if the English word "dollar" can be translated into Spanish the translation is *"peso."*

In ordering the execution of the judgment in the manner in which it did the District Court of Aguadilla did not act contrary to the judgment; therefore, instead of being violated, the statutes cited by the appellant have been properly applied.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred